IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLINE BIRK,  No. CIV S-10-1039-MCE-CMK

    Plaintiff,

  vs.  ORDER

GATEWAY FUNDING CORP., et al.,

    Defendants.

                                 /

        Plaintiff, who is proceeding pro se, brings this civil action. Plaintiff alleges violations of the federal Truth in Lending Act as well as violations of various state laws with respect to the refinancing of a loan secured by real property located in Hammond Ranch, California, and subsequent foreclosure of that property. Pending before the court are the following motions:

| | | |
|---|---|---|
| | Doc. 13 | Motion to dismiss filed by defendants Bank of America, Bank of New York, Countrywide Home Loans, Inc., and Recontrust Trust Company. |
| | Doc. 19 | Motion to dismiss by defendant Hollencrest Bayview Partners. |
| | Doc. 20 | Motion to dismiss by defendant Gateway Funding Corp. |

/ / /

| | | |
|---|---|---|
| 1 | Doc. 21 | Motion to dismiss filed by defendant FCI National Lender Services, Inc. |
| 2 | Doc. 26 | Motion to dismiss filed by defendant Lakewood Ranch Homeowners Association. |
| 3 | | |
| 4 | Doc. 32 | Motion to strike filed by defendant Robert D. Winston. |
| 5 | Doc. 34 | Motion to dismiss filed by defendant The Money Brokers. |
| 6 | Doc. 44 | Motion to strike filed by plaintiff. |

Defendants' motions came on for hearing on December 1, 2010, at 10:00 a.m. before the undersigned in Redding, California. Appearing on behalf of defendants were Josh A. Lazar, Esq., Mandy Jeffcoach, Esq., George Eckert, Esq., Kevin Hahn, Esq., and Dan Vemund, Esq. Plaintiff did not appear.

The motions at Docs. 13, 19, and 21 were originally set for hearing on October 28, 2010. Plaintiff sought, and the court granted, a continuance such that all seven of defendants' motions could be heard at one time. In granting the continuance, the court ordered that oppositions, if any, to the motions originally set for October 28, 2010 (i.e., Docs. 13, 19, and 21) were due on or before November 5, 2010. All other oppositions were due 14 days before the December 1, 2010, hearing, or by November 17, 2010. Plaintiff was cautioned that she would not be able to present any oral argument as to motions for which timely opposition had not been made.

A review of the docket reflects that plaintiff has filed the following responses to defendants' pending motions:

| | | |
|---|---|---|
| | Doc. 43 | "Verified Objection to Defendant Gateway et al. Motion to Dismiss," signed on November 4, 2010, served on November 5, 2010, and filed on November 8, 2010. |
| | Doc. 49 | "Verified Objection to Defendant Robert Winston's Motion to Strike," signed on November 15, 1020, served on November 17, 2010, and filed on November 18, 2010. |
| | Doc. 48 | "Verified Objection to Defendant Lakewood Ranch Homeowners Motion to Dismiss," signed on November 15, 2010, served on November 17, 2010, and filed on November 18, 2010. |

| | | |
|---|---|---|
| Doc. 50 | | "Verified Objection to Defendant 'Money Brokers' Motion to Dismiss," signed on November 15, 2010, served on November 17, 2010, and filed on November 18, 2010. |
| Doc. 44 | | "Motion to Strike." |

Under Eastern District of California Local Rule 230(c), of which plaintiff was advised in the order granting her request for a continuance, oppositions must be timely served and filed in order to qualify to be heard at the hearing. In this case, plaintiff has not filed any response to the motions at Docs. 13, 19, or 21. Therefore, plaintiff is not entitled to be heard in opposition to those motions which now stand submitted.

In her motion to strike, plaintiff asks the court to strike the motions at Doc. 13, arguing that the motion should be stricken from the docket for lack of service. A review of the docket reflects that the original proof of service attached to the motion to dismiss shows service on "CAROLINE BIRK, Plaintiff in pro per" accomplished on August 16, 2010. Plaintiff's address is not listed. In response to plaintiff's motion to strike, defendants have submitted a second proof of service by the person who completed the original proof of service, Khy Jones. Ms. Jones now declares, under penalty of perjury, that the documents originally served on August 16, 2010, were in fact served to plaintiff's address of record. Given the amended proof of service, defendants have established by competent evidence that their motion was properly served on August 16, 2010, to plaintiff at her address of record. Therefore, plaintiff's motion to strike is denied.

While plaintiff did submit an opposition to Doc. 20, such opposition was due on or before November 5, 2010. Plaintiff's opposition to Doc. 20 was signed on November 4, 2010, and served on November 5, 2010, but not filed until November 8, 2010. Thus, this opposition is untimely and plaintiff is not entitled to be heard on this motion either, which stands submitted. Plaintiff's untimely opposition is disregarded.

///

As to the remaining motions (Docs. 26, 32, and 34), opposition to those motions was due to be served and filed by November 17, 2010.  Because plaintiff did not file the oppositions until November 18, 2010, they are untimely.  In particular, it should be noted that the oppositions were all signed on November 15, 2010, but not served until two days later and not filed until three days later.  Had plaintiff served and sent the documents to the court for filing on November 15, 2010, they could have been timely received by the court.  Because the oppositions are all untimely, they are disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (Doc. 44) is denied;

2. Plaintiff's untimely oppositions (Docs. 43, 48, 49, and 50) are disregarded; and

3. Defendants' motions (Docs. 13, 19, 20, 21, 26, 32, and 34) stand submitted.

DATED: December 1, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE