1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   CAROLINE BIRK,                        No. CIV S-10-1039-MCE-CMK
12              Plaintiff,
13       vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>
14   GATEWAY FUNDING CORP., et al.,
15              Defendants.
16   _____/
17              Plaintiff, who is proceeding pro se, brings this civil action alleging violations of
18   the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and Fair Credit Reporting
19   Act, 15 U.S.C. § 1681, et seq. ("FCRA"), as well as violations of various state laws with respect
20   to loans secured by real property and subsequent foreclosure of that property.  Pending before the
21   court are defendants' separate motions to dismiss (Docs. 13, 19, 20, 21, 26, 32, and 34).
22   / / /
23   / / /
24   / / /
25   / / /
26

# I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that defendant Royal Crown Bancorp ("RCB") failed to provide her with required loan disclosures in connection with a "closed end" refinance loan which closed in February 2004.  According to plaintiff, this refinance loan was later assigned to defendant Countrywide Home Loans ("CHL") and that defendant Bank of America ("BofA") is the current owner of the loan.  Plaintiff next states that she took out a second loan (specifically, a home equity line of credit, or "HELOC") which closed in November 2006.  Plaintiff claims that this loan originated with defendant Gateway Funding Corporation ("GFC").  Plaintiff alleges that GFC mischaracterized the loan as an "open-end type of loan" where, in fact, the loan proceeds were "exhausted on the first draw."  She also claims that GFC failed to pass on a lower interest rate resulting from her payment of a "discount point."  According to plaintiff, defendant The Money Brokers, Inc., ("TMB") received an origination fee as the referring broker.  As with the 2004 loan, plaintiff also claims that defendant GFC failed to provide required loan disclosure documents at the time of closing.  Plaintiff adds that GFC also overstated finance charges by $10,000.00, failed to respond to her rescission letter, and failed to delay foreclosure.

Next, plaintiff alleges that defendant FCI National Lender Services, Inc., ("FCI") acted as trustee in a foreclosure on the 2006 loan.  Plaintiff states that the foreclosure sale occurred on September 28, 2007, and resulted in a conveyance of title to defendant Hollencrest Bayview Partners ("HBP").  According to plaintiff, this foreclosure was illegal because defendant GFC, through its trustee FCI, failed to respond to her rescission letter, failed to post a foreclosure notice on the front door of her house, and failed to personally serve her with a foreclosure notice.  Plaintiff also claims that, in October 2007, defendant HBP prosecuted an illegal unlawful detainer action in state court against her despite its knowledge that title had been obtained via an invalid foreclosure.  Plaintiff alleges that defendant Robert Winston was the attorney representing HBP in that action.  She further claims that defendant Lakewood Ranch Homeowners Association ("LRHA") acquired a fraudulent "quit claim deed" on the subject

property from HBP and that LRHA directed defendant Winston to file a second illegal unlawful
detainer action against plaintiff in February 2009.

Returning to the 2004 loan, plaintiff claims that defendant Recontrust Trust
Company ("RTC"), acting as trustee for defendants CHL and BofA, conducted an illegal
trustee's sale on March 22, 2010, foreclosing the 2004 loan. Plaintiff claims this sale occurred
even though she had filed a bankruptcy petition. According to plaintiff, defendants recorded a
deed of trust pursuant to this trustee's sale on April 13, 2010, with defendant Bank of New York
("BofNY") as the beneficiary.

Plaintiff alleges that these facts give rise to the following claims:

| | | |
|---|---|---|
| | Claim 1 | Unfair business practices in violation of state law. |
| | Claim 2 | Violations of TILA. |
| | Claim 3 | Violations of FCRA. |
| | Claim 4 | Breach of contract. |
| | Claim 5 | Breach of duty of good faith and fair dealing. |
| | Claim 6 | Intentional infliction of emotional distress. |
| | Claim 7 | Unjust enrichment. |

With respect to TILA, plaintiff alleges:

5.1     Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.
Second Loan violations: (GFC)
5.2     The Plaintiff has lived in the home for some years, which is the subject of this law suit. The Defendants sold a HELOC loan product to the Plaintiff, which loan is subject to the TILA. The first draw of the HELOC extinguished the maximum amount of the HELOC amounting to a spurious open-end loan hiding the true nature of the loan. Proper disclosure under the TILA at 12 CFR 226.5 and 5b were not given to the Plaintiff. Further more the two different TILA disclosures given to Plaintiff were inaccurate and understated the finance charge by $10,000.00 in violation of the TILA and render the TILA disclosure inaccurate as if one was not given.
Primary Loan violations: (RCB and CHL)
5.3     The Lenders RCB nor CHL ever in the loans history gave to the Plaintiff the proper loan disclosures required under the TILA at 12 CFR 226.17 and 18, in violation of the TILA.

5.4   All of the Defendants have engaged in a pattern of unfair practices in violation of the Truth in Lending Act, 15 USC § 1635(a), (b) and (g), in that, no TILA disclosures were given to Plaintiff, which triggers the Plaintiff's 3 year right of rescission and that the transactions are rescindable.  No Material Disclosures were given as required by Regulation Z at 12 CFR §§ 226.17 and 18, entitling Plaintiff to damages under 15 USC § 1640(a) et seq., of actual damages, twice the finance charge, rescission and reasonable attorney fees and costs pursuant to statute.

5.5   The Plaintiff has the right to rescind the loan transaction under 12 CFR 226.23.  The Plaintiff has sent two rescission letters with no answer to the aforementioned rescission letters and is now suing for the same.

As to FCRA, plaintiff alleges:

6.1   Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

6.2   At all relevant times in this lawsuit, Defendants qualified as a provider of information to Credit Reporting Agencies under the Fair Credit Reporting Act and reported negative marks against Plaintiff. Plaintiff is entitled to maintain a private cause of action against these Defendants for an award of damages in an amount to be proved at the time of trial for all violations of that act which caused actual damage to Plaintiff, including emotional distress and humiliation, under 15 U.S.C. § 1681s-2(b).  Plaintiff is entitled to recover damages from Defendants for negligent non-compliance under 15 U.S.C. § 1681o and Plaintiff is entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C. § 1681n(a)(2) in an amount to be proven at the time of trial.

For a remedy, plaintiff seeks "a temporary restraining order and preliminary injunctive relief" as to the allegedly illegal foreclosures, an order declaring the foreclosures void, rescission of the loans, an order quieting title, further declaratory relief, as well as compensatory and punitive damages.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

As to the federal claims based on alleged violations of TILA and FCRA, defendants argue, among other things, that: (1) plaintiff's TILA claims are barred by the statute of limitations; and (2) plaintiff's FCRA claim is conclusory and does not state a claim upon which relief can be granted.[1]

### A.    TILA

Under TILA, an action for damages must be filed within one year of the date of the alleged violation.  See 15 U.S.C. § 1640(e).  Defendants argue that the alleged violations occurred when the loans closed – in 2004 and 2006 respectively – and that plaintiff's action for damages is barred because it was filed more than one year after even the latest of these dates in April 2010.  Defendants also argue that, to the extent plaintiff seeks rescission, that relief is also

---

[1]    Defendants also present arguments challenging plaintiff's various state law theories.

6

foreclosed by the statute of limitations.  In particular, defendants cite the Supreme Court's

holding in <u>Beach v. Ocwen Federal Bank</u> that the right of rescission under TILA expires three

years after the date of consummation of the loan or upon sale of the property, whichever occurs

first.  523 U.S. 410, 413 (1998).  Defendants conclude that, because the loans were consummated

in 2006 at the latest, and because the property was sold in 2007, any right of rescission expired

before this action was filed in 2010.

 1.   <u>Damages Action</u>

As defendants correctly note, TILA's statute of limitations for a damages action is

one year.  <u>See</u> 15 U.S.C. § 1640(e).  The one-year period begins to run on the date of

consummation of the loan, which is generally considered the date on which the money is

provided to the debtor.  <u>See</u> <u>King v. State of California</u>, 784 F.2d 910, 913 (1986).  While the

Ninth Circuit has rejected application of the continuing violation doctrine in the context of TILA,

equitable tolling of the one-year limitations period may be available in appropriate

circumstances.  <u>See</u> <u>id.</u> at 914-15.  Equitable tolling, however, requires the plaintiff to plead

fraudulent concealment of the lender's alleged TILA violations with particularity.  <u>See</u> <u>Rowland</u>

<u>v. Novus Fin. Corp.</u>, 949 F. Supp. 1447, 1454 (D. Haw. 1996).  The court agrees with defendants

that plaintiff's damages action is barred because it was not brought within one year of the date of

consummation of the loans at issue.  The court also agrees that plaintiff has not pleaded any

particular facts to suggest that equitable tolling would be appropriate.

 2.   <u>Rescission Action</u>

The three-year statute of limitations for a TILA rescission action is an absolute

limitation not subject to equitable tolling.  <u>See</u> <u>Miguel v. County Funding Corp.</u>, 309 F.3d 1161,

1164 (9th Cir. 2002) (interpreting 15 U.S.C. § 1635(f)).  Moreover, a foreclosure sale terminates

any unexpired right of rescission under TILA.  <u>See</u> <u>Beach</u>, 523 U.S. at 413; <u>see also</u> 12 C.F.R.

§ 226.23(a)(3).  In this case, plaintiff states that the subject property was sold at a foreclosure sale

/ / /

on September 28, 2007.[2]  The court agrees with defendants that the sale terminated any right of rescission under TILA.  Therefore, plaintiff's rescission action is barred.  Moreover, even had the property not been sold in 2007, any rescission claim is barred by the three-year statute of limitations because the loans in question were consummated in 2004 and 2006, respectively, and this action was not filed until 2010.

**B.    FCRA**

Under FCRA, providers of credit information may not provide false information. See 15 U.S.C. § 1681s-2(a).  Defendants argue that plaintiff's FCRA claim fails for the following reasons: (1) while plaintiff alleges that "negative marks" were reported, she does not allege that any false information was reported; and (2) plaintiff has not alleged facts to establish that all defendants are providers of credit information as defined in the act.  The court agrees that plaintiff's boilerplate allegations relating to FCRA do not state a claim upon which relief can be granted.  See Abed-Stephens v. First Federal Bank of Cal., 2010 WL 1266833 at *2 (C.D. Cal. 2010).  Addressing nearly identical allegations, the district court in Abed-Stephens stated:

> Plaintiffs have not stated any claim under the FCRA.  Plaintiffs merely allege that "Defendants" violated various provisions of the FCRA by "wrongfully, improperly, and illegally report[ing] negative information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores."  (SAC ¶ 156).  This Court has previously found that nearly identical allegations were too conclusory and boilerplate to state a claim.  See Bartolome v. Homefield Financial Inc., 2009 WL 4907050 (C.D. Cal. 2009).

Abed-Stephens, 2010 WL 1266833 at *2.

Having determined that plaintiff's FCRA claims are too conclusory as currently set forth, the next question is whether plaintiff is entitled to leave to amend.  Typically, leave to amend should be granted freely unless it is clear that amendment would be futile.  See Lopez, 203 F.3d at 1126.  Here, the court finds that amendment would be futile.  In particular, nothing in

---

[2]    She also alleges that an illegal trustee's sale occurred on March 22, 2010.

the detailed factual allegations set forth by plaintiff in the complaint suggests that any information was provided to credit reporting agencies. Nor do any of plaintiff's factual allegations relating to the loans, disclosures, etc., suggest that false information was reported even assuming that information was in fact reported. In other words, the story plaintiff describes does not indicate that a FCRA violation even possibly happened, let alone plausibly happened. Rather, plaintiff's FCRA claim is unfounded boilerplate. While the Supreme Court indicated in Iqbal that a plaintiff should be provided the opportunity to amend to move a possible claim to the realm of possibility, see 129 S. Ct. at 1949, there is nothing in the story plaintiff describes in her complaint to suggest even the possibility of a FCRA violation. The court does not feel that defendants should be made to answer to an amended complaint under these circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV. CONCLUSION**

Because plaintiff has not stated a cognizable federal claim, the court should decline to exercise supplemental jurisdiction over any of plaintiff's state law claims, which should be dismissed without prejudice to plaintiff's ability to seek relief, if any, which may be available to her in state court.

Based on the foregoing, the undersigned recommends that:

1.      Defendants' motions to dismiss (Docs. 13, 19, 20, 21, 26, 32, and 34) be granted with respect to plaintiff's federal claims;

2.      Plaintiff's TILA and FCRA claims be dismissed with prejudice;

3.      Plaintiff's state law claims be dismissed without prejudice; and

4.      This action be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  February 9, 2011

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE